IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DAVID M. FLEMING,                        )
                                         )
                Plaintiff,               )
                                         )
v.                                       )        Case No. CIV-06-507-KEW
                                         )
MICHAEL J. ASTRUE,                       )
Commissioner of Social                   )
Security Administration,                 )
                                         )
                Defendant.               )

## OPINION AND ORDER

This matter comes before this Court on the Motion for Attorney
Fees Under 42 U.S.C. § 406(b) filed by Troutman & Troutman, P.C.,
the attorneys for Plaintiff, on September 11, 2009 (Docket Entry
#29). Counsel requests that they be awarded fees for legal work
pursuant to 42 U.S.C. § 406(b) in the amount of $12,207.25.
Counsel was employed by Plaintiff to appeal the adverse decision
rendered by Administrative Law Judge presiding over the request for
benefits. To that end, Counsel entered into a contract for
compensation with Plaintiff, providing for the payment of a fee
equal to 25% of any past due benefits ultimately awarded to
Plaintiff. Such contracts are recognized as valid under the
prevailing case authority. Gisbrecht v. Barnhart, 535 U.S. 789,
807 (2002).

Counsel filed Plaintiff's opening and reply briefs. Plaintiff
prevailed in this appeal, resulting in the reversal of the ALJ's
decision and remand of the case for further proceedings. Plaintiff
was awarded attorneys' fees in accordance with the Equal Access to
Justice Act ("EAJA") for the efforts before this Court in the
amount of $6,474.50. On remand, the ALJ found Plaintiff had been

disabled since June of 2003 and awarded past due benefits of $48,829.00.

The amount awarded to counsel for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of past due benefits. 42 U.S.C. § 406(b)(1)(A). As in this case, Defendant is authorized to withhold up to 25% of the past due benefits awarded to a claimant for payment directly to the claimant's attorney. 42 U.S.C. § 406(a)(4). Recently, the Tenth Circuit Court of Appeals determined that the 25% amount is separate and apart from the amount awarded at the agency level under 42 U.S.C. § 406(a). Wrenn v. Astrue, 525 F.3d 931, 937-938 (10th Cir. 2008). The only condition upon the full award of 25% is a requirement that the court review contingency fee arrangements "to assure that they yield reasonable results in particular cases." Id. at 938 (citations omitted). Counsel's requested fees do not exceed either the amount contracted for in the contingency fee agreement or the limitations of § 406(b).

Defendant does not take a position on awarding the amount requested but does advise this Court of its obligation to make an "independent check" as to the reasonableness of the award. Despite the fact the source for Counsel's compensation is a contingency fee contract, this Court has reviewed the contemporaneous time and expense records based upon the admonishment of the Tenth Circuit to do so and finds the time expended to be reasonable and necessary in consideration of the result obtained. Moreover, Defendant's stated concern that Counsel have been compensated by EAJA is allayed by

2

the fact Counsel must refund the smaller of any EAJA award and the amount awarded under § 406(b) to prevent a double recovery by the attorney. Kemp v. Bowen, 822 F.2d 966, 968 (10th Cir. 1987). Thus, counsel will be required to make the refund. This Court specifically rejects Counsel's suggestion that it be permitted to retain the EAJA fee previously paid to it as a part of the collection of its § 406(b) fee based upon the terms of a contract with Plaintiff. Any such agreement will not be enforced by this Court in this proceeding.

Defendant also provides authority in his brief which stands for the propositions that a claimant's attorney may not recover fees under § 406(b) for preparation of a fee request and services performed outside of federal court. However, Defendant does not indicate Counsel have improperly sought compensation for either of these items.

Defendant also rightly asserts a § 406(b) request must be filed within a reasonable time. In seeking an award under § 406(b), an attorney is required to employ the provisions of Fed. R. Civ. P. 60(b)(6). McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006). While relief under this rule is considered extraordinary and reserved for exceptional circumstances, substantial justice is served by permitting its use in the circumstance faced by counsel in seeking these fees. Id. To that end, any fee request pursued under § 406(b) should be filed "within a reasonable time of the Commissioner's decision awarding benefits." Id. (citation omitted).

In this case, the Notice of Award was issued by Defendant on

3

August 30, 2009. Counsel contends they did not receive the notice until September 9, 2009 and filed the subject Motion on September 11, 2009. Clearly, Counsel's motion was filed in a timely fashion.

IT IS THEREFORE ORDERED that the Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by Troutman & Troutman, P.C., the attorneys for Plaintiff, on September 11, 2009 (Docket Entry #29) is hereby **GRANTED**. Plaintiff's counsel is awarded fees in the amount of $12,207.25 and Defendant is directed to pay this fee directly to counsel from the amount of past due benefits withheld for that purpose. In addition, Plaintiff's counsel shall refund the smaller amount between the EAJA fees already awarded and the § 406(b) fees awarded in this decision to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this _14th_ day of October, 2009.


KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE